## STINSON v. STATE.
### No. 26327.

Court of Criminal Appeals of Texas.
March 25, 1953.

## OSBORN v. STATE.
### No. 26239.

Court of Criminal Appeals of Texas.
Feb. 4, 1953.

Rehearing Denied March 18, 1953.

No attorney on appeal, for appellant.

George P. Blackburn, State's Atty., of Austin for the State.

GRAVES, Presiding Judge.

Appellant was charged with the offense of burglary, and a former conviction of an offense of like character is alleged for the purpose of enhancing the penalty.

There is no statement of facts accompanying the record, and no bills of exception are found therein.

The proceedings seem to be regular, and the judgment of the court appears to be properly based upon the proof of one burglary as well as the prior conviction alleged. Under these circumstances, appellant was awarded a penalty of 12 years' confinement in the state penitentiary.

We see no reason why the judgment should not be allowed to stand in the absence of any errors disclosed by the record.

The judgment of the trial court is affirmed.

M. Gabriel Nahas, Jr., and James Royall, Houston, for appellant.

William H. Scott, Crim. Dist. Atty., and King C. Haynie, Asst. Crim. Dist., Atty., Houston, George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Judge.

Upon a trial before the court, a jury being waived, appellant was convicted of embezzlement of Twenty-Five Dollars in money and the court assessed his punishment at one day in jail and a fine of $25.

The evidence shows that appellant was a chiropractor and was engaged on a full-time basis as an employee of J. W. Parker, another chiropractor, as director of the clinic operated in Houston under the name J. W. Parker Chiropractic Clinic.

The contract of employment offered in evidence provides, in part, that appellant "shall at all times devote his whole time, skill, attention and energies to the management, superintendence and direction" of the clinic; that appellant should make full and complete daily or weekly deposits of all monies received by him in the operation of the clinic.

The contract also expressed the purpose and intent of the parties that a full, complete and accurate accounting should be made to the employer of all monies re-